**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| FOUNTAIN LAKES ASSOCIATES L.P. | CIVIL ACTION NO. 02-2193 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RED RIVER ROOFING, ET AL. | MAGISTRATE JUDGE HORNSBY |

**ORDER**

Before the Court is a Motion to Strike Witnesses (Record Document 57) filed by defendant Vanguard Coatings, Inc. ("Vanguard"). In the Motion to Strike Witnesses, Vanguard asks the Court to enter an order excluding co-defendants Jeff Folsom ("Folsom") and ARCJF, Inc. ("ARCJF") from presenting witnesses at trial due to their failure to timely exchange their witness lists with the parties in accordance with this Court's February 15, 2006 scheduling order.

The scheduling order in this case sets March 10, 2006 as the deadline for the exchange of witness lists. See Record Document 55, ¶ 2. Specifically, the scheduling order states:

> Counsel for plaintiff shall deliver to counsel for defendant as witness list setting forth the name, address, and a brief summary of each witness' expected testimony. Defendant's witness list is due **five (5)** business days after receipt of plaintiff's list. Counsel need **not** file the witness lists with the clerk's office.

See id.

Folsom and ARCJF are represented by the same counsel. On March 13, 2006, Vanguard provided its witness list to not only plaintiff, but also to co-defendants Folsom and ARCJF. See Record Document 57-3, Exhibit A. In that letter, counsel for Vanguard

stated that he looked forward to receiving Folsom's and ARCJF's witness lists within the next few days.  See id.  On April 11, 2006, counsel for Vanguard again requested Folsom's and ARCJF's witness lists.  See id., Exhibit B.  To date, Vanguard has not received a witness list from either Folsom or ARCJF.

On May 31, 2006, the discovery deadline in this case, excluding matters pertaining to expert witnesses, passed.  See Record Document 55, ¶ 6.  Vanguard believes that Folsom's and ARCJF's witnesses may present testimony that is adverse to its position.  Therefore, Vanguard would like to have to the opportunity to ascertain, either through deposition or discovery requests, the exact nature of the testimony of Folsom's and ARCJF's witnesses.  See Record Document 57-2.

While the Court is sympathetic to Vanguard's argument, it is also aware of the harshness of an order excluding co-defendants Folsom and ARCJF from presenting witnesses at trial.  Such order could, in effect, be a default judgment against Folsom and ARCJF.  See Blackwell v. AmChem Products, 108 F.R.D. 287, 289 (S.D. Ga. 1985).  Accordingly,

**IT IS ORDERED** that the Motion to Strike Witnesses (Record Document 57) filed by defendant Vanguard Coatings, Inc. be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that co-defendants Jeff Folsom and ARCJF, Inc. shall exchange their witness lists with all parties by **noon** on **Friday, July 7, 2006**.  The Court has set this deadline cognizant of the upcoming August 2006 deadlines pertaining to the exchange of the proposed pretrial order and the conference to prepare the pretrial order.

**IT IS FURTHER ORDERED** that co-defendants Jeff Folsom and ARCJF, Inc. shall, by **noon** on **Friday, July 7, 2006**, send a copy of their witness lists to the Court via email

at motions_hicks@lawd.uscourts.gov or via fax.  Counsel for co-defendants Jeff Folsom and ARCJF, Inc. may contact Chambers for its fax number.

**IT IS FURTHER ORDERED** that failure to comply with this Court's order may result in sanctions and/or an order excluding co-defendants Jeff Folsom and ARCJF, Inc. from presenting witnesses at trial.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 30th day of June, 2006.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE