**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

FOUNTAIN LAKES ASSOCIATES L.P.          CIVIL ACTION NO. 02-2193

VERSUS                                                    JUDGE S. MAURICE HICKS, JR.

RED RIVER ROOFING AND RESTORATION,          MAGISTRATE JUDGE HORNSBY
INC., ET AL.


**MEMORANDUM RULING**

Before the Court is Plaintiff's Motion for Default Judgment.  <u>See</u> Record Document

90.  Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff seeks

default judgment against Red River Roofing and Restoration, Inc. ("Red River") and

Vanguard Coatings, Inc. ("Vanguard").  <u>See id.</u>  For the following reasons, the Motion for

Default Judgment is **GRANTED IN PART** and **DENIED IN PART**.

**I.      Motion for Default Judgment is Granted as to Red River.**

The Clerk of Court issued Notice of Entry of Default against Red River on

September 25, 2003.  <u>See</u> Record Document 21.  Almost three years passed and the

Plaintiff failed to file a motion for default judgment; thus, on September 21, 2006, this Court

issued a Notice of Intent to Dismiss for Failure to Prosecute under Local Rule 41.3 W as

to Red River.  <u>See</u> Record Document 62.  The instant motion was filed on  November 1,

2006. <u>See</u> Record Document 90.

A review of the record reveals that Red River was served with the complaint in this

case on June 19, 2003. <u>See</u> Record Document 11.  To date, Red River has not answered

or otherwise defended this action.  The Court has reviewed the complaint, Plaintiff's

memorandum in support of the Motion for Default Judgment, and Plaintiff's post-trial briefs.

Further, the Court was privy to the evidence adduced at the October 2006 bench trial of the above-captioned matter.  Based on the foregoing, the Court finds that Plaintiff is entitled to a default judgment against Red River.

Plaintiff's claim against Red River sounds in contract.  See Record Document 1, ¶ 10; Record Document 98 at 4 ("contractual liability of Red River Roofing and Restoration, Inc.").  The contractual agreement between Plaintiff and Red River includes a "10 year Labor and Material Warranty."[1]  See Record Document 1, Exhibit A; Record Document 99, Exhibit 4.  Further, the provisions setting forth the liability of a contractor for damages due to defective workmanship are contained in Louisiana Civil Code Articles 2762 et seq. Specifically, Article 2769 states:

> If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.

La. C.C. Art. 2769.  Louisiana courts have held that "for the breach of a building contract under [Article] 2769, the appropriate measure of damages is the cost of repairing any defects or of completing the roof."  Nat'l Tea Co. v. Plymouth Rubber Co., Inc., 95-254  (La. App. 5 Cir. 10/18/95), 663 So.2d 801, 808.  However, "where the replacement of the roof is necessary to cure the defects, the cost of replacing the roof is a proper element of damages."  Id., citing Guy Williams Realty v. Shamrock Const., 564 So.2d 689 (La. App. 5 Cir.1990), writ denied, 569 So.2d 982 (La. 1990); see also Industrial Roofing & Sheet

---

[1]Plaintiff purchased the Fountain Lakes Apartments from Charan Industries, who contracted with Red River in May 2000 to install a roof on the apartment buildings.  Thus, Plaintiff is the successor-in-interest to the contract between Red River and Charan Industries.

Metal Works, Inc. v. J.C. Dellinger Memorial Trust, 32,048 (La. App. 2 Cir. 1999), 751 So.2d 928, 939.

The evidence adduced at the bench trial of the instant matter clearly established that the roof installed by Red River at the Fountain Lakes Apartments, formerly the Fountainbleau Apartments, was defective.  See Dodd v. Tucker, 528 So.2d 644, 648 (La. App. 2 Cir. 1988) (citation omitted) ("A leaking roof on a building is a defective roof.").  The roof continuously leaked, was irreparable, and had to be replaced in its entirety in order to cure the defects.  Plaintiff never got the roof it originally paid for and suffered with a roof that leaked continuously from the time it was installed.  The record evidence demonstrates that the workmanship in the construction of the roof was so generally defective that it could not be corrected except by removing the old roof and installing a new roof.  Among other things, the evidence established that Red River proposed an inappropriate roofing system for the apartment buildings; that Red River used improper screw fasteners; that Red River failed to remove portions of the former roof before installing the new roofing system; and that Red River improperly sealed the edges of the roofs.  Further, the record contains a "General Roof System Survey," referencing a complete system failure and recommending that the roofs of the apartment buildings be completely removed and replaced.  See Fountain Lakes' Trial Exhibit 15.  Accordingly, in awarding damages to Plaintiff, the cost of replacing the roof is a proper element of damages.

In its trial exhibits, Plaintiff submitted invoices from Gold Star Construction & Roofing, Inc. ("Gold Star"), the contractor who performed the re-roofing project, in the amount of $362,316.  See Plaintiff's Trial Exhibit 17.  Gold Star's bid also stated:

Owner to assume responsibility for all roof top A/C unit removal, replacement

and electrical upgrade in accordance with Bossier City Permits Department regulations.  Gold Star . . . to install new modified roof pads under all roof top units as they are re-installed.

Plaintiff's Trial Exhibit 16 at 5.  Plaintiff submitted invoices from Air Craftsman Air Conditioning & Heating, Inc. and Bossier Electrical Contractors, Inc. totaling $22,058 for the aforementioned air-conditioning and electrical work required to remove and replace the rooftop air-conditioning units.  See Record Document 99, Exhibits 5 and 6. Based on these invoices, Plaintiff is entitled to recover a total of $384,374 in damages.

Plaintiff's Motion for Default is **GRANTED** as to Red River and the Court hereby orders that a default judgment be entered against Defendant Red River Roofing, Inc., as follows:

A.     Defendant Red River Roofing, Inc. shall pay damages to Plaintiff in the amount of $384,374, which includes $362,316 in damages for the replacement roof and $22,058 in damages for attendant air-conditioning and electrical work required to remove and replace the rooftop air conditioning units.

B.     Defendant Red River Roofing, Inc. shall pay the aforementioned damages, together with costs and interest.[2]

## II.    Motion for Default Judgment is Denied as to Vanguard.

The Motion for Default Judgment as to Vanguard must be denied.  Vanguard filed its answer on October 3, 2003. See Record Document 22.  Since that time, Vanguard has

---

[2]In its Motion for Default Judgment, Plaintiff seeks an award of attorney's fees to the extent it recovers under a theory of redhibition.  See Record Document 99 at 3.  Louisiana courts have held that the principle of redhibition is not applicable to construction contracts. See Aizpurua v. Crane Pool Co., Inc., 439 So.2d 572, 574 (La.App. 1st Cir. 1983) (reversed on other grounds); Holland v. Hurst, 385 So.2d 495 (La.App. 1st Cir.1980); and Catalina Pools v. Sellers, 322 So.2d 812 (La.App. 4th Cir.1975).  Further, it appears that even Plaintiff has classified its claim against Red River as contractual, not redhibitory.  See Record Document 98 at 4.  Thus, the Court declines to award attorney's fees in this instance.

continued to defend the suit, including its appearance at the October 2006 bench trial of the instant matter and the filing of its post-trial memorandum.  See Record Documents 94, 95, and 101.  Accordingly, default judgment against Vanguard is not warranted under the law.

**III.    Conclusion.**

Based on the foregoing, the Motion for Default Judgment is **GRANTED IN PART** and **DENIED IN PART**.  The motion is granted as to Red River and the Court enters default judgment against Red River in the amount of $384,374, together with costs and interest. The motion is denied as to Vanguard, who has appeared and defended the instant suit. A default judgment consistent with the instant Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 17th day of September, 2007.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE