UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| FOUNTAIN LAKES ASSOCIATES L.P. | CIVIL ACTION NO. 02-2193 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| RED RIVER ROOFING AND RESTORATION, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

On September 21, 2006, this Court issued a "Notice of Intent to Dismiss for Failure to Prosecute under LR41.3W." See Record Document 62. The notice advised Plaintiff that "if no filing is made within ten (10) days of the issuance of this notice, this civil action will be dismissed as to defendants Red River Roofing and Restoration, Inc. and Alpine Roofing Construction, Inc." Id. Moreover, in a minute entry dated September 22, 2006, this Court again referenced the notice, stating:

> In accordance with the Court's notice issued on September 21, 2006 (Record Document 62), plaintiff's counsel shall file a motion for default judgment, and a brief in support of such motion, as to the defendants Red River Roofing and Restoration, Inc. and Alpine Roofing Construction, Inc. The motion for default judgment shall be filed before the commencement of trial and the Court will defer the merits of the motion for default judgment to trial.

Record Document 63.

A motion for default judgment was not filed before the commencement of the October 2006 bench trial of the above-captioned matter. However, following the bench trial, Plaintiff filed a Motion for Default Judgment as to defendants Red River Roofing and Restoration, Inc. and Vanguard Coatings, Inc. See Record Documents 90, 99. The Court granted default judgment as to Red River Roofing and Restoration, Inc. and denied default judgment as to Vanguard Coatings, Inc. To date, Plaintiff has not filed a motion for default judgment as to Alpine Roofing Construction, Inc.

A district court has the inherent authority to dismiss an action, even *sua sponte*, for failure to prosecute, with or without notice to the parties. See Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 1388-89 (1962); Rogers v. Kroger Co., 669 F.2d 317, 319-20 (5th Cir. 1982). In deciding whether to dismiss with or without prejudice, the court must keep in mind that "[d]ismissals with prejudice are reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of . . . aggravating factors." Clofer v. Perego, 106 F.3d 678, 679 (5th Cir. 1997).

This is a close case on the issue of aggravating factors warranting dismissal with prejudice. Plaintiff was instructed to file a motion for default judgment as to Alpine Roofing Construction, Inc. not only by written order, but also verbally during the pretrial conference and the bench trial of this matter. However, the Court will simply exercise its authority "to manage and administer [its] affairs to ensure the orderly and expeditious disposition of cases" and, on that basis, finds that a dismissal without prejudice for failure to prosecute is appropriate in this case. Link, 370 U.S. at 630-31, 82 S.Ct. at 1389.

Accordingly,

**IT IS ORDERED** that Plaintiff's claims against Alpine Roofing Construction, Inc. be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 17th day of September, 2007.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE